**Graham George CULLIFORD, Plaintiff–Appellant,**

v.

**Glen QUEEN, Defendant–Appellee.**

**No. 02–1698.**

United States Court of Appeals, Fourth Circuit.

Submitted Oct. 17, 2002.

Decided Nov. 6, 2002.

Graham George Culliford, Appellant Pro Se. Fred Henry Moody, Jr., McKeever, Edwards, Davis & Hays, P.A., Bryson City, North Carolina, for Appellee.

Before LUTTIG, DIANA GRIBBON MOTZ, and TRAXLER, Circuit Judges.

Vacated and remanded by unpublished PER CURIAM opinion.

## OPINION

PER CURIAM.

Graham George Culliford appeals the district court's order dismissing his slander of title action without prejudice under Fed.R.Civ.P. 12(b)(6). We vacate the district court's order and remand for further proceedings.

Generally, a dismissal without prejudice is not an appealable order. *See Domino Sugar Corp. v. Sugar Workers Local Union 392,* 10 F.3d 1064, 1066–67 (4th Cir. 1993). However, because no amendment of Culliford's complaint would permit his action to proceed, we find the order of dismissal appealable. *Id.*

The district court dismissed Culliford's complaint for lack of diversity jurisdiction. The court found that Culliford is an alien admitted to the United States as a permanent resident. It accordingly concluded that Culliford is a citizen of North Carolina for diversity purposes. We have reviewed the record and find inadequate support for the district court's finding that Culliford is a permanent resident of the United States. *See* 28 U.S.C. § 1332(a); *Foy v. Schantz, Schatzman & Aaronson, P.A.,* 108 F.3d 1347, 1349 (11th Cir.1997). We therefore vacate the district court's order and re-

mand for reconsideration of whether diversity jurisdiction exists.*

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED.*

---

\* We express no opinion as to whether diversity jurisdiction is present or, if so, whether the

---

district court may decline to exercise jurisdiction on abstention grounds.